IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:08CR22

UNITED STATES OF AMERICA )
)
)  **MEMORANDUM AND**
VS. )  **ORDER OF DISMISSAL**
)
)
JEFFREY MICHAEL ROWE )
)

**THIS MATTER** is before the Court on the Government's motion to dismiss without prejudice and Defendant's motion to dismiss with prejudice. Defendant has requested a hearing on his motion; however, the Court finds that the issues have been fully briefed and can be decided based solely on the record and the relevant case law. For the reasons set forth below, the Government's motion is granted.

## I.   BACKGROUND

On February 6, 2008, the Defendant was charged in a seven-count indictment with transporting and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4). **See Indictment, filed**

**February 6, 2008.** Following his initial appearance and arraignment, Defendant was released on a $100,000 unsecured bond. ***See* Order Setting Conditions of Release, filed June 23, 2008.** Defendant's trial was initially set for July 7, 2008, but the Court continued the case to the September 8, 2008, trial term because Defendant had not been afforded the statutory 30-day period between arraignment and trial. ***See* Order, filed June 30, 2008 (citing 18 U.S.C. § 3161(c)(2))**.

On August 1, 2008, Defendant filed a motion to conduct an independent analysis of the computer data storage devices that were seized during execution of a search warrant and in the custody of the Government. This motion was granted and Defendant's retained expert, Tami Loehrs, was permitted to conduct her examination of this device at the Asheville Police Department. **Order, filed August 19, 2008.** On August 18, 2008, Defendant filed a motion to continue the trial from the September 2008 term in order to allow Loehrs adequate time to examine the data storage device; the Government had no objection to Defendant's motion to continue. The Court granted the continuance and set the trial to begin November 3, 2008. **Order, filed August 19, 2008**.

On October 13, 2008, Defendant filed a motion seeking to continue the trial from the November 2008 term due to the fact that Loehrs had not had ample opportunity to complete her expert report following her examination of the seized data storage device. **Defendant's Motion to Continue Trial, filed October 13, 2008.** Defendant also agreed to waive any Speedy Trial rights in connection with the proposed continuance. *Id*. In her affidavit submitted in support of Defendant's motion, Loehrs stated she had completed her examination of the data storage device on October 9, 2008, but would need 3-4 weeks to complete her report. She further stated that she was scheduled to testify in a trial to commence November 3, 2008, in Cheyenne, Wyoming. **See Exhibit D, Affidavit of Tami L. Loehrs,** *attached to* **Defendant's Motion to Continue, ¶¶ 4, 5, 7.** The Court denied Defendant's motion to continue on the grounds that Defendant's expert had been afforded ample to time to conclude her examination and produce her expert report. **Order, filed October 15, 2008.** Defendant filed a motion for reconsideration, containing the same arguments that were previously rejected; this motion was denied as well. **Defendant's Motion for Reconsideration, filed October 15, 2008; Order, filed October 16, 2008 (denying motion for reconsideration).**

The Government now moves to dismiss the indictment without prejudice; Defendant opposes such relief and has moved to dismiss the indictment with prejudice.  **See Government's Motion to Dismiss Without Prejudice, filed October 29, 2008; Government's Brief in Support of Motion to Dismiss Without Prejudice, filed November 2, 2008; Defendant's Brief in Opposition to Motion to Dismiss Without Prejudice, filed October 31, 2008; Defendant's Motion to Dismiss With Prejudice, filed October 31, 2008.**

## II.  DISCUSSION

The "government may, with leave of court, dismiss an indictment, information, or complaint.  The government may not dismiss the prosecution during the trial without the defendant's consent."  **Fed. R. Crim. P. 48(a).**  The Court may also dismiss an indictment if unnecessary delay occurs in "bringing a defendant to trial."  **Fed. R. Crim. P. 48 (b)(3).**  First, there is no dispute that this matter has not been brought to trial.  Defendant concedes that while Rule 48(a) "confers discretion on the district court to deny the government's motion to dismiss an indictment, this discretion is not broad."  **Defendant's Brief in Opposition, *supra*, at 2**

**(citing *United States v. Perate*, 719 F.2d 706, 710 (4th Cir. 1983)).** In fact, the Court must grant the Government's motion to dismiss without prejudice "unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000); *see also United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.").

Defendant "does not allege or believe that the prosecution has acted in bad faith." **Defendant's Brief in Opposition,** *supra,* **at 2.** Rather, Defendant contends that "a dismissal without prejudice, with the intent to re-indict, constitutes a disservice to the public interest in the instant matter." *Id.* On October 28, 2008, counsel for the Government and Defendant reached an understanding that the Government would contact the Court with information that this matter was "either going to plea, or a

superseding indictment would issue and in either event both sides would agree that a Motion to continue would be necessary." *Id*. at 11-12.  During a teleconference between counsel for Defendant, Ronald Frey, and the Government, Mr. Frey indicated that Defendant would not oppose a continuance of this matter.  *Id*. at 12.  The following day, however, Defendant had changed his position and opposed a continuance.  *Id*. at 13 (**"After speaking with our client, however, he has made it clear that we are not authorized to seek a continuance at this time or consent at this time to the filing of one."**).  In response, the Government advised it would move to dismiss the indictment without prejudice.  *Id*.

Defendant argues that permitting the Government to dismiss this case without prejudice would constitute a "disservice to the public" by providing the Government with an "unfair strategic advantage when it re-indicts" and by placing the Defendant in "an unfair position with regard to resources [since he] will be unable, financially, to restart this entire process again."  *Id. * at 14, 16.  This position is clearly at odds with the position expressed just a day earlier.  Indeed, Defendant anticipated the filing of a superseding indictment in this matter and the necessity of a continuance.

In summary, Defendant concedes that the Government is not acting in bad faith by seeking to dismiss the indictment without prejudice, and the Court's review of the record herein reveals no bad faith on the part of the prosecution. The record reflects the parties had an initial understanding that a superseding indictment would issue and there would be the necessity of a continuance in this matter. Although Defendant's position on the continuance changed only a day later, that did not change the Defendant's position with regard to the Government's motive in this matter. This Court's discretion is limited and the Government's motion to dismiss without prejudice must be allowed.[1]

Defendant's motion argues that the indictment herein should be dismissed with prejudice due to the fact that there has been unnecessary delay in bringing Defendant to trial thereby resulting in undue prejudice to the Defendant.  **Defendant's Motion to Dismiss,** *supra***, at 13-14 (citing Fed. R. Crim. P. 48(b))**.  However, the Defendant fails to acknowledge that he sought a third continuance of his trial and had at one point consented to the Government's expressed intent to seek a continuance of the trial in

---

[1] There are a number of pretrial motions filed by both the Government and Defendant. Because the Government's motion to dismiss the indictment is allowed, the pretrial motions are now moot.

order to obtain a superseding indictment. Further, Defendant, in his motion to continue filed October 13, 2008, expressly waived his Speedy Trial rights in an effort to obtain an continuance. **Defendant's Motion to Continue, *supra*, at 5.** A review of Defendant's arguments and the record in this matter cannot support a finding that Defendant's trial was unnecessarily delayed. This motion is denied.

**IT IS, THEREFORE, ORDERED** that the Government's motion to dismiss the indictment without prejudice is **ALLOWED**, and the indictment herein is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the indictment with prejudice is **DENIED.**

**IT IS FURTHER ORDERED** that all remaining pretrial motions are **DENIED** as moot.

Signed: November 6, 2008

Lacy H. Thornburg
United States District Judge